UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHESTER CLARK,

    Plaintiff,

v.

I. PEREZ-PANTOJA,

    Defendant.

Case No. 22-cv-04460-KAW

**ORDER OF SERVICE**

Plaintiff Chester Clark, a state prisoner incarcerated at the Correctional Training Facility ("CTF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by Sergeant I. Perez-Pantoja. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

## DISCUSSION

**I. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id*. at 633.

**II. Legal Claims**

Plaintiff alleges that on May 12, 2021, following numerous "inappropriate" clothed body searches, Sergeant I. Perez Pantoja conducted a clothed body search in a way that constitutes a sexual assault, by squeezing Plaintiff's penis and causing Plaintiff sharp pain. After filing a grievance against Perez-Pantoja, Plaintiff alleges that on May 22, 2021, Perez Pantoja retaliated against him by trashing Plaintiff's cell. After filing an additional grievance against Perez-Pantoja, Plaintiff alleges that on August 27, 2021, Perez-Pantoja retaliated against him by placing him in a holding cage and fabricated a Rules Violation Report ("RVR") against him. Liberally construed, Plaintiff has stated claims for relief under the First and Eighth Amendments against Defendant Perez-Pantoja.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The following defendant at the Correctional Training Facility shall be served: I. Perez-Pantoja. Service on the defendant shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Docket No. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve by mail a

1 copy of this order on Plaintiff.

2 No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, the operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case, the Court orders as follows:

No later than sixty (60) days from the date of service, defendant(s) shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant(s) are of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that such motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, defendant(s) shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th

3

Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

       3.      Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon defendant no later than thirty days from the date the defendant's motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

If defendant wishes to file a reply brief, he shall do so no later than fourteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on defendant, or defendant's counsel, if and when counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: November 2, 2022

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact; that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), to oppose the motion you cannot simply rely on what your complaint says. Instead, you must submit specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents so that you show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted to the Defendants, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. To oppose it, you may present any evidence you have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.